# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

UNITED REFUSE, LLC,

Debtor.

Case No. 04-11503-RGM
(Chapter 11)

### MEMORANDUM OPINION

This case is before the court on United Refuse's motion to alter or amend this court's order of August 24, 2006. (Docket Entry 375). The order directed the debtor to pay District of Columbia sales taxes in the amount of $104,654.18 and Frank & Company the balance of its allowed interim fee application; and set the matter for a further status hearing on October 16, 2006. The debtor asserts that on August 23, 2006 – the day after the court made its oral ruling – the District of Columbia accepted United Refuse's offer to settle its postpetition sales tax liability in full for $101,654.18.[1]

James Lehner managed the debtor until March 2005. In a related adversary proceeding, United Refuse LLC v. United Leasing Corporation, Adv. Proc. 04-1196, this court determined that James Lehner and Suzanne Lehner held legal title to United Refuse LLC for the benefit of United Leasing Corporation which held all of the beneficial ownership of United Refuse LLC. (Docket Entry 142. Order entered March 14, 2005, Ad. Proc. 04-1196.) The supplemental order entered the following day effectively removed the Lehners from control of United Refuse and returned control

---

[1] The amount stated in the motion is $101,654.18 which may be a simple typographical mistake, the intended number being $104,654.18.

1

to United Leasing. (Docket Entry 143, Adv. Proc. 04-1196) Since that time, United Leasing has been in sole control of United Refuse.

Raymond C. Cullen, President of United Leasing Corporation, was called as a witness by United Refuse in a later adversary proceeding, United Refuse, LLC v. Lehner, Adv. Proc. 05-1551, in which United Refuse sought recovery of certain overpayments made to Mr. and Mrs. Lehner. He was chiefly responsible for United Refuse after control was regained from the Lehners. He testified that he recognized almost immediately after March 15, 2005, that United Refuse had not paid its sales taxes to the District of Columbia. As soon as he took over management, he saw to it that all current sales tax returns were filed and sales taxes paid.[2] This did not include sales taxes from April 2003 through February 2005, the period while the Lehners were in control of United Refuse. The assets of United Refuse were sold for about $2.5 million shortly after United Leasing regained control and settlement was held at the end of June 2005 or the beginning of July 2005. In early July 2005, United Refuse received over $2.1 million in cash. After payment of liens and creditors other than the District of Columbia (for postpetition sales taxes), Frank & Company (on its allowed interim application for compensation) and United Leasing, United Refuse had on hand about $1.0

---

[2]Mr. Cullen further testified that the amount of the sales taxes due during the Lehner's management was readily ascertainable from corporate books and records, in particular, the WAMS computer program. In fact, Mr. Cullen relied on WAMS to compute and pay the sales taxes for March 2005 and forward.

The debtor's disclosure statement, dated July 15, 2005, states:

> **B. Significant Post-Petition Events.**
>
> During the period during which the Lehners were in control, United Refuse continued to operate and showed (on its reports to the United States Trustee) an operating profit. However, that operating profit shown was due, at least in part, to the fact that United Refuse falsely underreported its taxes due to the District of Columbia government—by approximately $100,000. Since United Leasing was declared the owner of United Refuse, United Leasing began properly stating its tax liabilities to the District of Columbia government and has, as a result, operated at little or no profit.

Disclosure Statement, at 12 (footnote omitted). (Docket Entry 216)

million.  On December 27, 2005, United Refuse paid United Leasing $700,000, but still did not pay the District of Columbia or Frank & Company.

United Refuse's chapter 11 plan was confirmed by order dated August 11, 2005, and entered on the docket on August 12, 2005.  (Docket Entry 225)  The effective date was August 12, 2005. The confirmed plan required that the debtor pay all administrative expenses on the effective date of the plan.  Article III, paragraph 12 provided that "Under the Plan, Allowed Administrative Claims will be paid in full in cash on the Effective Date if not previously paid pursuant to appropriate orders entered by the Court."  Plan, Art. III, ¶12. (Docket Entry 217)  This plan provision mirrors the requirement under §1129(a)(9)(A) of the Bankruptcy Code to pay administrative expenses in cash on the effective date.  The debtor had ample cash on hand with which to satisfy these obligations, but failed to do so.

The court held a status hearing on August 22, 2006 to address these matters.  At the hearing, Kermit Rosenberg, United Refuse's counsel, stated that the sales taxes had not been paid because the District of Columbia was notoriously difficult to deal with.  United Refuse wanted the District of Columbia to abate the penalties and interest that accrued during the Lehners management but had not been able reach an agreement with the District.  United Refuse computed the amount at $104,654.18 and he knew of no reason why that amount was not due. (Docket Entry 376, p. 2) He also knew of no reason why penalties and interest that accrued after July 1, 2005 when United Refuse received sufficient cash on hand to pay the past due taxes was not due either.  His belief was that withholding over $100,000 in taxes concededly due would assist United Refuse in obtaining a response to its request to abate penalties and interest, presumably meaning a favorable response.

William Daniel Sullivan, United Leasing's counsel, made the same argument at a prior hearing when the matter first surfaced.

The reason given for not paying Frank & Company on August 12, 2005, the effective date of the plan, was that United Refuse or United Leasing had concerns with Frank & Company's services and bill. However, nothing was filed with respect to Frank & Company until January 17, 2006. (Frank & Company filed its final application for payment on December 23, 2005.)

The debtor filed a motion to alter or amend the court's order of August 24, 2006. It asserts that on August 23, 2006, the day after the status hearing and the court's oral ruling and the day before the oral ruling was reduced to writing and the written order entered on the docket, the District of Columbia "accepted" United Refuse's settlement offer. It now seeks to vacate the provision of the order relating to the District of Columbia as moot and cancel the further status hearing. It also seeks to modify the provision with respect to Frank & Company to recite that the payment is without prejudice to the rights of Untied Refuse to recover the payment. That matter is presently under advisement.

The court's concern was, and continues to be, the integrity of the bankruptcy system. The purpose of chapter 11 is to permit debtors to reorganize their financial affairs and continue in business, or, as in this case, effect an orderly liquidation and pay their creditors. The court and the creditors rely on the good faith of debtors to comply with the terms of their confirmed chapter 11 plans. While unforeseen circumstances may regrettably prevent a debtor from fulfilling its obligations under a confirmed plan, once a debtor's financial arrangements have been restructured and the debtor has the ability to fully execute the confirmed plan, the debtor may not use the confirmed plan as a base from which to extract further concessions from creditors. If modification

is appropriate, there are procedures that allow consideration of proposed modifications. Here, the debtor knew of the sales tax situation, announced in its disclosure statement and plan that it intended to pay all administrative expenses in full (which on its face includes penalties and interest), obtained confirmation on that basis, had cash on hand at the time of confirmation to honor its stated intention, and, in a quite calculated manner, wilfully failed to comply with the terms of its own plan. Discussion of its intention to seek abatement – a process Mr. Rosenberg stated that he commenced shortly after March 15, 2005 and Mr. Cullen confirmed was in process in July 2005, dates preceding the July 15, 2005 disclosure statement and the August confirmation hearing – should have been included in the disclosure statement and provided for in the chapter 11 plan. The suggestion that the District of Columbia has now agreed to accept less that the principal amount of the tax the debtor acknowledges is due and abated all of the penalties and interest, only serves to compound the problem and invite a more through review of the entire transaction.

As to Frank & Company, the court allowed the fees on an interim basis and the plan required that they be paid on the effective date. United Leasing now wants comfort language in the order clearly preserving its ability to recover any fees that may be disallowed. The court did not intend to expand or contract the rights or obligations of Frank & Company or United Refuge. The law is what the law is and no comfort language is necessary or appropriate. *See In re Computer Learning Centers, Inc.,* 407 F.3d 656 (4th Cir. 2005).

The court, on the representation of counsel that United Refuse paid the District of Columbia $101,654.18, will vacate paragraph 1 of the order of August 24, 2006 pending further review and will deny the balance of the motion.

Alexandria, Virginia
August 29, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Kermit A. Rosenberg
William D. Sullivan
Frank J. Bove
Donald F. King

Copy mailed to:

Hal L. Young
Frank & Company
1360 Beverly Road, Suite 300
McLean, Virginia 22101-3685

Government of the District of Columbia
Office of Tax and Revenue
Ben Franklin Station
P. O. Box 679
Washington, DC 20044-0679

Government of the District of Columbia
Office of Tax and Revenue
P. O. Box 96384
Washington, DC 20090

13123